**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DECI CALL,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1655

SHAW'S JEWELERS, INCORPORATED,
d/b/a Sterling, Incorporated,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-449-3)

Submitted: March 28, 2000

Decided: April 21, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Colleen Marea Quinn, CANTOR, ARKEMA & EDMONDS, P.C.,
Richmond, Virginia, for Appellant. Karen A. Khan, Robert A. Hirsch,
JACKSON, LEWIS, SCHNITZLER & KRUPMAN, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deci Call appeals the district court's orders: (1) granting Shaw's Jewelers, Inc. d/b/a Sterling, Inc.'s ("Sterling") motion for summary judgment on Call's sexual harassment claim filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A.§§ 2000e to 2000e-17 (West 1994 & Supp. 1999); and (2) entering judgment in favor of Sterling on Call's sex discrimination claim following a jury trial.

In the district court, Call alleged that her district manager, Nabil Abdallah, sexually harassed her during her employment at Sterling. In particular, Call complained that Abdallah repeatedly referred to her and the other female employees as "sweetie,""honey," and "dear." Call further alleged that Abdallah hugged and kissed other female employees, and displayed favoritism toward those whom he deemed attractive and who welcomed his affections. Call also raised a sexual discrimination claim, contending that Abdallah refused to promote her to the manager position at a Kay Jewelers store, also operated by Sterling, based on her sex.

Call raises three main issues on appeal: (1) the district court erred in granting Sterling's motion for summary judgment on Call's sexual harassment claim; (2) the district court's evidentiary rulings constituted reversible error; and (3) the district court erred in stating during Call's closing argument to the jury that sexual harassment was not a component of the case. Finding no reversible error, we affirm.

In order to establish a prima facie case of hostile work environment, a plaintiff must demonstrate that: (1) the conduct in question was unwelcome; (2) the harassment was based on the sex of the plaintiff; (3) the harassment was sufficiently pervasive or severe to create an abusive work environment; and (4) some basis exists for imputing liability to the employer. See Spicer v. Virginia, 66 F.3d 705, 709-10

2

(4th Cir. 1995) (en banc). After reviewing the district court's grant of summary judgment de novo, see Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), we find that Call failed to demonstrate that Abdallah's alleged conduct was sufficiently pervasive or severe to create an abusive work environment. Because Call failed to establish a prima facie case of hostile environment sexual harassment, we find that the district court did not err in granting summary judgment to Sterling on this claim.

Call challenges several of the district court's evidentiary rulings, including: (1) the admission of Sterling's Exhibits 2, 3, 10, 22, and 24; (2) the district court's blanket prohibition on the admission of further exhibits during the cross-examination of Abdallah; and (3) the district court's order granting Sterling's First, Fifth, and Sixth Motions in Limine. Because we find no abuse of discretion by the district court, we uphold all of its evidentiary rulings. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995).

Finally, we find that the district court did not err in stating during Call's closing argument that sexual harassment was not a component of the case. Because the district court found prior to trial that there was no genuine issue as to whether Call had been sexually harassed and granted summary judgment to Sterling on this claim, we agree with the district court's determination that it was highly inappropriate for Call to attempt to revive her sexual harassment theory during closing argument.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3